No. 19,359.

THE ÆTNA INSURANCE COMPANY et al., *Appellees*, v.
IKE S. LEWIS, as Superintendent of Insurance of the
State of Kansas, *Appellant*.

### SYLLABUS BY THE COURT.

1. INSURANCE RATES—*Authority to Change Vested in Superintendent.* Sections 4266, 4267 and 4273 of the General Statutes
of 1909 prescribe the method of changing rates of fire insurance and vest in the state superintendent of insurance the
authority to change such rates.

2. SAME—*Pleadings.* The petition in this case states a cause of
action.

Appeal from Shawnee district court, division No. 1;
ALSTON W. DANA, judge. Opinion filed July 7, 1914.
Affirmed.

*John S. Dawson*, attorney-general, for the appellant.

*Thomas Bates, Lucien E. Harding, Seymour Edgerton, Alfred R. Bates*, all of Chicago, *Robert Stone*, and
*George T. McDermott*, both of Topeka, for the appellees.

The opinion of the court was delivered by

SMITH, J.: In the petition the appellees—about
seventy insurance companies doing business in the state
—allege that in 1909, and after the insurance act took
effect, they severally filed with the superintendent of
insurance of the state their general basis schedule of
rates, in compliance with the provisions of the statute,
and that such rates were just and reasonable and as
low as the business could be written at a very small
profit; that thereafter and on the 19th day of August,
1909, the then superintendent of insurance, without
giving the petitioners or any other insurance company
any notice whatever, and in violation of the statute
requiring such notice, and without any hearing or opportunity therefor, issued an order to the petitioners

Insurance Co. v. Lewis.

and all other fire insurance companies doing business
in the state that the rates on mercantile business and
all mercantile classes of business in the state were re-
duced 12 per cent from the rates so filed, such reduc-
tion to take effect September 1, 1909; that notwith-
standing the protest of the petitioners the order was
issued and a demand that a rehearing be given them
was refused and the superintendent refused to change
the order.

The petition further alleges, in substance, that the
appellees complied with the order of the superintend-
ent of insurance, and, after giving detailed accounts of
the business and percentages, alleges that the aggre-
gate loss to fifty companies, appellees, for the years
1910 and 1911 doing business in compliance with the
order was $384,802.22, and that the remaining com-
panies lost a proportionate amount; that on February
23, 1910, the then superintendent of insurance, without
notice to the petitioners or other insurance companies
and without giving such companies any opportunity to
be heard, made and issued an order directing the re-
duction of rates of fire insurance on dwellings, private
barns, etc., filed by the petitioners and other insurance
companies, on an average of about 14 per cent below
the rates filed by the companies; that, in substance, the
appellees and other insurance companies doing business
complied with the order for four years, from 1909
to 1912, inclusive, and in so doing have met a loss of
over one and one-half million dollars; and that the fire
losses during this period were normal; and further,
that the orders of the superintendent of insurance are
now and ever since they were made have been con-
fiscatory of petitioners' property; that by the effect of
such orders the petitioners are being deprived of their
property without due process of law.

Further, the petitioners allege that prior to the com-
mencement of this action they applied to the appellant,
Ike S. Lewis, as superintendent of insurance of the

state, for a revocation of the orders, and made a showing to such superintendent that the rates of insurance as fixed under these orders were confiscatory, and showed to the superintendent the losses they had sustained as aforesaid during the time they had complied with such orders, all of which facts were well known to such superintendent for the reason that he had and now has the returns made under the law by all the petitioners as well as all other insurance companies doing business in the state of their premium receipts, losses, etc.

And further, the appellees demanded of the appellant that he perform his duty under the statute and direct the companies to publish and file a higher rate of insurance which shall be commensurate with the character of the risk and shall be reasonable; that such superintendent of insurance refused so to do, and refused to grant petitioners any relief whatever or to allow them to file a higher schedule of rates as was his duty to do.

Petitioners further allege that they are without remedy in the premises save in a court of equity and pray that the superintendent of insurance be required to answer and that a full hearing be had in the matter, and that the order of former superintendent of insurance Barnes be set aside and the rates set forth in the schedules filed by the petitioners be restored, and for such other and further relief as they may be entitled to.

The petition alleges, in substance, that the orders referred to, made by the former superintendent of insurance, were in violation of section 4273 of the General Statutes of 1909, which provides in part as follows:

"The superintendent of insurance shall not make any regulation or order without giving the insurance company concerned reasonable notice thereof and an opportunity to appear and be heard in respect to the same, and if any insurance company or any other person, city or municipality which shall be interested in

said order shall be dissatisfied with any regulation,
order or rate adopted by said superintendent of in-
surance, said party or parties shall have the right
within thirty days after the making of said regulation
or order, to bring an action against said superintendent
of insurance in any district court of the state of Kan-
sas, to have such regulation or order vacated."

We think the thirty-day provision made in the statute
is not a statute of limitations, at least applicable to the
situation as presented in the petition.   Whether any of
the losses alleged to have been sustained occurred
within thirty days after the making and entering of
the orders complained of does not appear.   The petition
sets forth a state of facts which the demurrer thereto
admits to be true, and which, if true, compels the in-
surance companies to cease doing business in the state
of Kansas, and will deprive property owners therein
from recovery of loss by fire or that the companies
continue such business at a loss.   It is alleged, in
effect, that before appealing to the courts the insur-
ance companies appealed to the superintendent of in-
surance for a rehearing, and made the showing before
referred to, but they alleged that all the means of in-
formation were already in the full possession of the
superintendent of insurance, and that upon such ap-
plication the superintendent denied the insurance com-
panies any remedy whatever, including a rehearing.

Moreover, the conditions since 1909 may have
changed, and a rate that was reasonable in 1909 may
be unreasonable now, or a rate that was unreasonble
then may be reasonable now.   The hearing in the courts
should be based upon conditions as may be up to the
time of filing the petition.

It is urged that their demurrer on the ground of a
misjoinder of parties plaintiff should have been sus-
tained; that as to the rates to be charged for insurance
each insurance company stands alone, and that the
order reducing the schedules of rates filed affected the
insurance companies separately and not collectively;

that one company was not interested in the rate at which another was limited in writing insurance.

In one sense this is true; in another it is not. Practically, if the rates were reduced as to a part of the companies doing business in the state, and not reduced as to the remainder, or reduced as to all save one, the companies, or such one whose rates were not reduced by the order, would be compelled to meet competition— to write at the reduced rates or to quit business in the state. Since the superintendent by the order compelled a uniform cut of twelve per cent upon one class of risks and fourteen per cent on another class, it is fair to assume that the schedules of rates filed were uniform before the order was made, and in his judgment should be uniform thereafter.

It is held that each appellee had such an interest in the action as is contemplated by section 34 of the code.

Again, it is contended that the district court of Leavenworth county had jurisdiction of the subject matter of this action there pending, in which the state of Kansas is plaintiff and a part of the plaintiffs are defendants, and that the appellees should have sought their remedy therein. That there is a diversity of both parties plaintiff and defendant is apparent from the titles of the two actions. The purpose of the state in that case is to enjoin such of the appellees as are parties thereto from combining to unlawfully raise rates of insurance, and from unlawfully raising such rates. On the other hand, the purpose of this action is to have a hearing as to whether the rates of insurance fixed by the order of the superintendent is compensatory, and, if not so, to have compensatory rates established in the manner prescribed by the statute.

The order overruling the demurrer is affirmed, and the case is remanded for further proceedings.

BURCH, J., dissenting.